Westlaw.

624 N.W.2d 212 Page 1
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Court of Appeals of Michigan.
Norine KROHN, Plaintiff-Appellant,
v.
SEDGWICK JAMES OF MICHIGAN, INC., f/k/a Fred S. James & Company of Michigan, Sedgwick James, Inc., and Mark Miller, Defendants-Appellees.
**Docket No. 211111.**

Submitted July 5, 2000, at Detroit.
Decided Jan. 12, 2001, at 9:05 a.m.
Released for Publication March 22, 2001.

Former employee, who was 57 years old at time of her termination, brought action against employer for age-based employment discrimination under the state Civil Rights Act. The Circuit Court, Oakland County, Robert C. Anderson, J., entered judgment on jury verdict in favor of employer. Employee appealed. The Court of Appeals, Saad, J., held that (1) as a matter of first impression, remark "out with the old and in with the new" made by employee's former supervisor was irrelevant to employee's claim, and (2) even if it were minimally relevant, the remark's probative value would have been substantially outweighed by the harm likely to result from its admission.

Affirmed.

West Headnotes

**[1] Civil Rights 78 ⇐⇒ 1744**

78 Civil Rights
    78V State and Local Remedies
        78k1742 Evidence
            78k1744 k. Employment Practices. Most Cited Cases
    (Formerly 78k453)
In ruling on the relevancy of stray remarks in employment discrimination cases, courts should review the following factors: (1) whether the disputed remarks were made by the decisionmaker or by an agent of the employer uninvolved in the challenged decision; (2) whether the disputed remarks were isolated or part of a pattern of biased comments; (3) whether the disputed remarks were made close in time or remote from the challenged decision; and (4) whether the disputed remarks were ambiguous or clearly reflective of discriminatory bias. M.C.L.A. § 37.2101 et seq.

**[2] Appeal and Error 30 ⇐⇒ 837(10)**

30 Appeal and Error
    30XVI Review
        30XVI(A) Scope, Standards, and Extent, in General
            30k837 Matters or Evidence Considered in Determining Question
                30k837(10) k. Consideration of Evidence Not Introduced or Offered. Most Cited Cases
The Court of Appeals could not consider, on appeal from a judgment in favor of employer in an age-based employment discrimination case, employee's deposition testimony and affidavit concerning employer's additional alleged age-related comments, where employee did not offer the deposition pages or her affidavit into evidence before or during the trial.

**[3] Appeal and Error 30 ⇐⇒ 999(1)**

30 Appeal and Error
    30XVI Review
        30XVI(I) Questions of Fact, Verdicts, and Findings
            30XVI(I)2 Verdicts
                30k999 Conclusiveness in General
                    30k999(1) k. In General. Most Cited Cases

**Appeal and Error 30 ⇐⇒ 1001(1)**

30 Appeal and Error
    30XVI Review
        30XVI(I) Questions of Fact, Verdicts, and

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

624 N.W.2d 212
Page 2
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Findings
      30XVI(I)2 Verdicts
         30k1001 Sufficiency of Evidence in Support
           30k1001(1) k. In General. Most Cited Cases

Appellate courts are reluctant to overturn a jury's verdict, particularly if there is ample evidence to justify the jury's decision, and they will not do so on the basis of an erroneous evidentiary ruling unless refusal to take this action would be inconsistent with substantial justice. MCR 2.613(A); MRE 103(a).

**[4] Appeal and Error 30 ⚷970(2)**

30 Appeal and Error
    30XVI Review
        30XVI(H) Discretion of Lower Court
           30k970 Reception of Evidence
              30k970(2) k. Rulings on Admissibility of Evidence in General. Most Cited Cases

The Court of Appeals reviews a trial court's evidentiary rulings for an abuse of discretion and, in making that determination, it considers the facts on which the trial court acted to determine whether an unprejudiced person would say that there is no justification or excuse for the ruling made.

**[5] Civil Rights 78 ⚷1744**

78 Civil Rights
    78V State and Local Remedies
        78k1742 Evidence
           78k1744 k. Employment Practices. Most Cited Cases
    (Formerly 78k453)

In general, in an employment discrimination case, after the plaintiff establishes a prima facie case, the defendant presents evidence of its legitimate, nondiscriminatory reason for terminating the plaintiff's employment; thereafter, the plaintiff bears the burden of proving that the employer's articulated reason was not the true reason, but rather a mere pretext for discrimination. M.C.L.A. § 37.2101 et seq.

**[6] Civil Rights 78 ⚷1744**

78 Civil Rights
    78V State and Local Remedies
        78k1742 Evidence
           78k1744 k. Employment Practices. Most Cited Cases
    (Formerly 78k453)

Remark "out with the old and in with the new" made by employee's former supervisor was irrelevant to employee's age-based employment discrimination claim, considering that supervisor left his position as employee's manager one year before she was terminated and had no decisionmaking authority regarding her discharge, employee testified that the remark referred to other recently hired employees, it was made more than two years before employee's termination, and there was no evidence to suggest that any older employees were terminated or replaced by younger workers at time remark was made. M.C.L.A. § 37.2202(1)(a).

**[7] Civil Rights 78 ⚷1137**

78 Civil Rights
    78II Employment Practices
        78k1137 k. Motive or Intent; Pretext. Most Cited Cases
    (Formerly 78k153)

To counter the employer's reasons for the termination of a plaintiff's employment, the plaintiff bringing an employment discrimination action must introduce evidence of what the plaintiff believes to be the "true" illicit motivation. M.C.L.A. § 37.2101 et seq.

**[8] Evidence 157 ⚷146**

157 Evidence
    157IV Admissibility in General
        157IV(D) Materiality
           157k146 k. Tendency to Mislead or Confuse. Most Cited Cases

If proffered evidence in an employment discrimination case is determined to have some bearing on the employer's motivation, it is imperative that the trial

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

624 N.W.2d 212
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 3

court balance its probative value against the risk of unfair prejudice. M.C.L.A. § 37.2101 et seq.; MRE 403.

**[9] Evidence 157 🗝146**

157 Evidence
    157IV Admissibility in General
        157IV(D) Materiality
            157k146 k. Tendency to Mislead or Confuse. Most Cited Cases

Even assuming isolated remark "out with the old and in with the new," made by employee's supervisor in reference to several recently hired employees, was minimally relevant to long-time employee's age-based employment discrimination claim, the remark's probative value would have been substantially outweighed by the harm likely to result from its admission, in that it was highly inflammatory; it was remote in time from employee's termination, and jury would have been induced to attribute it to employer, though employee failed to show that employer considered her age in its decision to terminate her. MRE 403.

**[10] Appeal and Error 30 🗝1003(7)**

30 Appeal and Error
    30XVI Review
        30XVI(I) Questions of Fact, Verdicts, and Findings
            30XVI(I)2 Verdicts
                30k1003 Against Weight of Evidence
                    30k1003(7) k. Manifest Weight of Evidence. Most Cited Cases

An appellate court may overturn a jury verdict only when it was manifestly against the clear weight of the evidence.

**[11] Civil Rights 78 🗝1744**

78 Civil Rights
    78V State and Local Remedies
        78k1742 Evidence
            78k1744 k. Employment Practices. Most Cited Cases

(Formerly 78k453)

Weight of the evidence showed that employee's age was not a factor in her termination from employment; several witnesses testified about employer's financial problems and that personnel changes and reorganization were necessary for employer to remain in operation, and there was evidence that, despite some initial changes, the company continued to lose money and that management then decided to transfer the human resources and accounting functions to an out-of-state office, thereby eliminating employee's position. M.C.L.A. § 37.2202(1)(a).

**[12] Evidence 157 🗝570**

157 Evidence
    157XII Opinion Evidence
        157XII(F) Effect of Opinion Evidence
            157k569 Testimony of Experts
                157k570 k. In General. Most Cited Cases

The jury determines the weight given to expert testimony.

**[13] Civil Rights 78 🗝1204**

78 Civil Rights
    78II Employment Practices
        78k1199 Age Discrimination
            78k1204 k. Discharge or Layoff. Most Cited Cases

(Formerly 78k170)

Evidence that a younger employee had skills that older, 57-year-old employee lacked and that older employee would have required significant training to perform younger employee's job amounted a legitimate reason for employer's decision to retain younger employee, rather than older employee, in older employee's age-based employment discrimination action. M.C.L.A. § 37.2202(1)(a).

**213 *291 Stark and Gordon (by Deborah L. Gordon and Carol A. Laughbaum), Royal Oak, for the plaintiff.

**214 Cox, Hodgman & Giarmarco, P.C. (by Andrew T. Baran and William H. Horton), Troy, for

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

624 N.W.2d 212
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 4

the defendants.

Before SAAD, P.J., and CAVANAGH and METER, JJ.

SAAD, P.J.

### I. Nature of the Case

In this age-based employment discrimination case, plaintiff seeks to overturn the jury's verdict because of the trial court's evidentiary ruling made pursuant to defendants' motion in limine.[FN1] Defendants asked the trial court to exclude the statement "out with the old and in with the new" made by plaintiff's former supervisor. Plaintiff contends that this is an ageist statement that constitutes direct evidence that she was fired because of her age as part of defendants' plan to terminate older employees and replace them with younger employees. Conversely, defendants claim that the remark is irrelevant because it (1) is *292 ambiguous, (2) was an isolated remark, (3) was made long before plaintiff's termination, and (4) was made by a manager who had no involvement in plaintiff's termination. Further, defendant says that any possible relevancy of this remark is substantially outweighed by its potential prejudicial effect. The trial court agreed with defendants' position and ruled the proffered evidence inadmissible.

> FN1. Plaintiff also claims the jury's verdict was against the great weight of the evidence and contrary to law. We find no merit in those issues, which will be addressed in the opinion.

[1] Because this precise issue has not been addressed by our appellate courts in a published opinion, this narrow issue is one of first impression and one on which we will seek guidance from federal precedent. Accordingly, we have reviewed a line of authority from the federal courts known as stray remarks cases. The federal courts in these employment discrimination cases assess the relevancy of stray remarks by reviewing the following factors: (1) Were the disputed remarks made by the decisionmaker or by an agent of the employer uninvolved in the challenged decision? (2) Were the disputed remarks isolated or part of a pattern of biased comments? (3) Were the disputed remarks made close in time or remote from the challenged decision? (4) Were the disputed remarks ambiguous or clearly reflective of discriminatory bias? We hold that our courts should review these factors in ruling on the relevancy of similar comments, and we further hold that, here, the trial court properly excluded the disputed remark.

### II. Facts and Proceedings

Defendant Sedgwick James of Michigan, Inc.,[FN2] hired plaintiff as an executive secretary in April 1981. Plaintiff*293 held several positions while at the company and, in 1995, became senior vice president of human resources while continuing to work as an executive secretary. During her employment, plaintiff worked under various supervisors, including Michael Rastigue, who was managing executive for Sedgwick James of Michigan during the early to mid 1990s. In February 1993, Rastigue hired a group of employees, including defendant Mark Miller, from a competing firm, Marsh & McClennan. Miller later took over Rastigue's job as managing executive in July 1995, after Rastigue transferred to another office.

> FN2. The defendant company was then known as Fred S. James & Company of Michigan.

After company executives discovered that Sedgwick James of Michigan was operating at a significant financial deficit, Miller terminated the employment of plaintiff, along with the employment of several other employees, as part of a downsizing effort in June 1996. Following her dismissal, plaintiff filed this age discrimination claim against Miller, Sedgwick James of Michigan, and its parent company,**215 Sedgwick James, Inc. Plaintiff,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

624 N.W.2d 212  
244 Mich.App. 289, 624 N.W.2d 212  
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 5

fifty-seven years old at the time her employment was terminated, alleged that defendants fired her because of her age in violation of the Michigan Civil Rights Act, M.C.L. § 37.2101 *et seq.;* MSA 3.548(101) *et seq.*

[2] Before trial, defendants filed a motion in limine to exclude certain potential evidence, including Rastigue's remark "out with the old and in with the new." According to plaintiff's deposition testimony, Rastigue made this comment in reference to the new group of employees hired from Marsh & Mc-Clennan.[FN3] The trial *294 court granted defendants' motion to exclude the remark, but did not articulate its reasons for doing so on the record. That is, the trial court did not specify whether it excluded the proffered evidence as irrelevant or as more prejudicial than probative.

> FN3. On appeal, plaintiff asserts that Rastigue made other age-related comments. In this connection, plaintiff points to her deposition testimony and her own affidavit. However, plaintiff never submitted the deposition pages to the trial court and did not submit her affidavit until after the trial. Accordingly, because the additional alleged remarks were not offered by plaintiff before or during trial and were not considered by the trial court, we cannot consider them on appeal. *Kent Co. Aeronautics Bd. v. Dep't of State Police,* 239 Mich.App. 563, 579-580, 609 N.W.2d 593 (2000).

At trial, plaintiff presented evidence of her qualifications and history with Sedgwick James of Michigan as well as statistical evidence regarding the companies' termination of employment of employees over the age of forty. In response, defendants presented several present and former employees of the Sedgwick James companies who testified about financial problems in the Michigan office resulting, in part, from the expense of highly paid employees who were performing low-level work. The defense witnesses further testified that personnel changes and reorganization were necessary for Sedgwick James of Michigan to remain in operation.

Defense witnesses testified that, despite these changes, the company continued to lose money and executives determined that significant revenue could be saved by transferring the accounting and human resources functions of Sedgwick James of Michigan to the Chicago office, thereby eliminating several positions, including plaintiff's. The defense witnesses denied plaintiff's allegation that plaintiff's age was a factor in their decision to terminate her employment. The jury apparently accepted defendants' business *295 reasons for the termination of plaintiff's employment and returned a verdict of no cause of action.

### III. Analysis

#### A. Standard of Review

[3][4] Plaintiff avers that the trial court's exclusion of Rastigue's comment so prejudiced her case that the jury's verdict should be reversed. Our courts are reluctant to overturn a jury's verdict, particularly if there is ample evidence to justify the jury's decision, and we will not do so on the basis of an erroneous evidentiary ruling unless refusal to take this action would be inconsistent with substantial justice. MCR 2.613(A); MRE 103(a); *Chmielewski v. Xermac, Inc.,* 216 Mich.App. 707, 710-711, 550 N.W.2d 797 (1996), aff'd. 457 Mich. 593, 580 N.W.2d 817 (1998). It is well established that this Court reviews a trial court's evidentiary rulings for an abuse of discretion and, in making that determination, we consider the facts on which the trial court acted to determine whether an unprejudiced person "would say that there is no justification or excuse for the ruling made." *Roulston v. Tendercare (Michigan), Inc.,* 239 Mich.App. 270, 282, 608 N.W.2d 525 (2000).

[5] In general, in an employment discrimination

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

624 N.W.2d 212 Page 6
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

case, after the plaintiff establishes a prima facie case, the defendant presents evidence of its legitimate, nondiscriminatory reason for terminating the plaintiff's employment. **\*\*216***Kerns v. Dura Mechanical Components, Inc. (On Remand),* 242 Mich.App. 1, 12, 618 N.W.2d 56 (2000). Thereafter, the plaintiff bears the burden of proving that the employer's articulated reason was not the true reason, but rather a mere pretext for discrimination. **\*296** *Wilcoxon v. Minnesota Mining & Mfg. Co.,* 235 Mich.App. 347, 359, 597 N.W.2d 250 (1999). Here, plaintiff would have presumably offered Rastigue's remark to persuade the jury that defendants' asserted reason for the termination of her employment (financially induced downsizing) was untrue and that her age made a difference in defendants' decision to terminate her employment.

The analysis used to determine the admissibility of an agent's remark is particularly important in this type of employment discrimination case because the central question the jury must decide is not *what* occurred, but *why* the action was taken by the employer. Because the controlling issue is motivation (the reason for the decision), courts must be particularly careful in making determinations regarding the relevancy of remarks by agents of corporate defendants. Obviously, remarks indicating bias by the decisionmaker directed at the discharged employee would be highly probative when made at or about the time of the decision. On the other hand, allegedly biased but, in fact, ambiguous remarks by an agent who is not involved in the decision and made remote in time from the decision would hardly be relevant and certainly would be highly prejudicial precisely because motivation is the key issue in this type of employment discrimination case. Thus, our review of whether the remark was properly excluded requires more than merely labeling the comment a "stray remark." The important issues here are whether the employee's remark is relevant to show that the defendant made the employment decision on the basis of plaintiff's age and whether, if relevant, the remark's relevance **\*297** is substantially outweighed by the risk of unfair prejudice.

B. Relevance

[6] Because a work-related comment may be uttered in myriad factual contexts, a simple definition of an inadmissible stray or isolated remark is not feasible and would not facilitate a proper determination of its relevance at trial. The proffered evidence may range from an innocuous remark made by an employee with no involvement in the alleged adverse employment action long before such action takes place to a blatantly discriminatory comment made by a decisionmaker at the time the adverse action occurs. A trial court's determination of the probative value of a remark depends on where it falls on that continuum. Accordingly, a trial court must consider several factors to determine whether the comment in issue is relevant to show that an employer took the challenged action because of the employee's age. As stated above, because our state courts have not articulated those factors in a published opinion, we look to various federal court decisions for guidance.[FN4]

> FN4. The issue has been addressed in various federal court decisions interpreting the federal Civil Rights Act and state civil rights legislation. While that precedent is not binding in Michigan, it is helpful, and, therefore, we often use it as guidance in interpreting the Michigan Civil Rights Act, M.C.L. § 37.2202(1)(a); MSA 3.548(202)(1)(a). *Radtke v. Everett,* 442 Mich. 368, 381-382, 501 N.W.2d 155 (1993).

C. Stray Remarks Cases [FN5]

> FN5. By citing these cases, we neither reject nor adopt the courts' conclusions concerning the relevancy of each remark; rather, we include them in our analysis to review the four factors to be used by our

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-11614-SFC-MJH   ECF No. 18-4, PageID.287   Filed 04/09/10   Page 7 of 10
Page 8 of 11
EXHIBIT T to DEF'S MSJ

624 N.W.2d 212
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 7

courts in making relevancy determinations.

In *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325 (C.A.6, 1994), the defendant appealed from a jury verdict *298 in favor of the plaintiff and argued that the district court abused its discretion in admitting certain ageist remarks made by the defendant's president. *Id.* at 1327-1329. In deciding the issue, the Sixth Circuit Court of Appeals emphasized that the admissibility of **217 the proffered comments require the court to balance the relevancy of the comments against their prejudicial effect. *Id.* at 1330. The Court reviewed various cases defining stray remarks and set forth several factors to determine the admissibility of statements offered to show an employer's discriminatory bias. *Id.* at 1330-1331. Specifically, the Court opined:

> In age discrimination cases, this court has examined statements allegedly showing employer bias by considering whether the comments were made by a decision maker or by an agent within the scope of his employment; whether they were related to the decision-making process; whether they were more than merely vague, ambiguous, or isolated remarks; and whether they were proximate in time to the act of termination. [ *Id.* at 1330.]

Other federal courts have considered these factors in a number of procedural contexts to determine the probative value of an agent's remarks. In *Lawrence v. Syms Corp.*, 969 F.Supp. 1014 (E.D.Mich., 1997), the plaintiff attempted to defeat the employer's motion for summary judgment by raising a genuine issue of material fact to rebut the employer's assertion that it had terminated the plaintiff's employment because of poor performance. *Id.* at 1017. The plaintiff presented his supervisor's comment "that the defendant was 'out to get' the oldest store managers who were well paid, and replace them with younger, more energetic people." *299 *Id.* at 1018. The court concluded that, because the comment was made up to two years before the plaintiff's employment was terminated, it was isolated and remote in time and its meaning was ambiguous. Id. Further, although the plaintiff's supervisor made the comment, no evidence showed that it was related to the decision to discharge the plaintiff. *Id.* Therefore, the court ruled that the remark did not raise an issue of material fact showing the employer's discriminatory motivation because it was isolated, remote in time, vague, and unrelated to the discharge decision. *Id.*

In *Phelps v. Yale Security, Inc.*, 986 F.2d 1020 (C.A.6, 1993), the plaintiff appealed a district court's grant of judgment notwithstanding the verdict in favor of the defendant. At trial, the plaintiff presented evidence that her age was a factor in her dismissal by presenting, among other evidence, comments by her supervisor, Ray McCulloch. *Id.* at 1025. The plaintiff alleged that, when she was transferred to McCulloch's office from her job as the plant manager's secretary, McCulloch told her she was too old to be the plant manager's secretary and that he later said that her upcoming fifty-fifth birthday "was a cause for concern." *Id.* In considering whether the manager's remarks established that the defendant was motivated by the plaintiff's age, the court opined:

> Age-related comments referring directly to the worker may support an inference of age discrimination. However, as Yale Security argues, isolated and ambiguous comments " 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination.' " Because [the manager] made the statements nearly a year before the layoff, the comments were made too long before the layoff to have influenced the termination decision. Moreover, the statement regarding [the plaintiff's] birthday was too ambiguous*300 to establish the necessary inference of age discrimination. [*Id.* at 1025-1026 (citations omitted).]

Thus, regardless of the procedural context, federal courts have consistently held that isolated or vague comments made by nondecisionmakers long before the adverse employment decision is made are not probative of an employer's discriminatory motiva-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-11614-SFC-MJH   ECF No. 18-4, PageID.288   Filed 04/09/10   Page 8 of 10
Page 9 of 11
EXHIBIT T to DEF'S MSJ

624 N.W.2d 212
Page 8
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

tion. See, also, *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1161, n. 3, 1162 (C.A.6, 1990) (comment by a person other than the decisionmaker that "a senior salesman at age 55 'could be cheaply replaced with a younger salesman'" does **218 not raise an issue of material fact regarding the employer's motives); *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1140 (C.A.10, 2000) (remark that "'at [the plaintiff's] age, it would be difficult to train for another position'" or "'difficult to find a new job'" was insufficient to survive a motion for summary judgment because it was unrelated to the termination decision and was too ambiguous to show discriminatory animus); *Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 13-14 (C.A.1, 1998) (inquiry about the plaintiff's age and when he planned to retire, statement that employer could not "afford" to keep the plaintiff employed, and comment that the plaintiff had a "perfect case of age discrimination" were inadmissible to show discriminatory motivation because they were isolated, ambiguous, or not made by the decisionmaker).

We find the factors considered in this line of federal cases useful for our analysis of the relevance of Rastigue's remark "out with the old and in with the new." Accordingly, our first inquiry is whether the proffered comment was made by an agent of the employer involved in the decision to terminate plaintiff's employment. The record shows that, although *301 Rastigue was plaintiff's supervisor at the time he made the comment, he was not her supervisor when she lost her job. Rastigue left his position as an executive manager at Sedgwick James of Michigan approximately one year before plaintiff's employment was terminated, and no evidence suggests that he had any decisionmaking authority regarding the discharging of plaintiff. Miller took over Rastigue's position as executive manager and plaintiff's supervisor in July 1995, and it was Miller who terminated plaintiff's employment in June 1996. Therefore, the proffered remark cannot be attributed to the employer, because it was not made by a person involved in the termination of plaintiff's employment.

Moreover, Rastigue did not make the proffered remark regarding plaintiff. Instead, plaintiff testified that she heard Rastigue make the comment in reference to the new, recently hired employees. Those new employees included defendant Miller who, according to the trial record, joined Sedgwick James of Michigan in February 1993.[FN6] Further, not only was Rastigue's comment directed at other people, he made it more than two years before plaintiff's employment was terminated by defendants. Accordingly, the comment was both isolated and remote in time from the adverse employment action.

> FN6. The hire date of these new employees, February 1993, was not presented to the trial court during the motion in limine, but witnesses testified about this date during trial. However, when the trial court ruled on the motion, it was aware that Rastigue had left Sedgwick James of Michigan in mid-1995. Therefore, the trial court could properly conclude that Rastigue made the remark at least a year before the termination of plaintiff's employment.

Finally, although plaintiff contends that the comment was age related, we find that, under the circumstances in which Rastigue uttered it, the remark was *302 certainly ambiguous and clearly age neutral.[FN7] Rastigue made the comment when several new employees began working for the company and no evidence suggests that the employment of other, older employees was terminated at that time or that other employees were somehow replaced by younger workers. In this context, the comment "out with the old and in with the new" does not carry with it a discriminatory connotation.

> FN7. Indeed, the phrase "out with the old and in with the new" could apply to any person or thing and does not inherently suggest a discriminatory animus against someone in plaintiff's protected class.

Therefore, considering the factors outlined above,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-11614-SFC-MJH ECF No. 18-4, PageID.289 Filed 04/09/10 Page 9 of 10

EXHIBIT T to DEF'S MSJ

624 N.W.2d 212
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 9

the trial court did not abuse its discretion in excluding this evidence.[FN8] **\*\*219** Indeed, the trial court would have been correct to hold this evidence to be irrelevant.

> FN8. As noted above, during the hearing on the motion in limine, the trial court did not articulate whether it excluded the evidence because it was irrelevant or because it was more prejudicial than probative.

### D. Prejudicial Effect

[7][8] We recognize that in employment discrimination cases, a plaintiff's obligation to show the employer's true motivation is often a difficult task. To counter the employer's reasons for the termination of a plaintiff's employment, the plaintiff must introduce evidence of what the plaintiff believes to be the "true" (illicit) motivation. *Wilcoxon, supra* at 359, 597 N.W.2d 250. To show that motivation, a plaintiff may attempt to introduce biased remarks by one or more of the employer's agents. Yet, as stated above, some remarks may be extremely probative while others are wholly irrelevant. If the proffered evidence is determined to have some bearing on the employer's motivation, however, it is imperative that the trial court balance its probative **\*303** value against the risk of unfair prejudice. MRE 403.

Remarks made by a single employee that are offered to show a discriminatory motive by a defendant corporation involve a particularly high risk of unfair prejudice. A biased comment by a company agent is especially inflammatory because of the jury's tendency to attribute an agent's comments to the company itself, regardless of whether the agent was involved in the adverse employment action at issue and regardless of whether the remark reflects or repudiates company policy. The risk of admitting evidence of a biased opinion made by an employee who is unrelated to the decisionmaking process is that, even if the remark is isolated, ambiguous, or remote in time, it unfairly suggests to the jury that the remark and its underlying motivation have the imprimatur of the employer.

[9] Thus, were we to find that Rastigue's comment had some minimal relevance in light of the four factors discussed above, its probative value would have been substantially outweighed by "the harm likely to result from its admission." *Cooley, supra* at 1330; MRE 403. Because the ambiguous and isolated remark had nothing to do with the termination of plaintiff's employment and was made by a former supervisor remote in time from when plaintiff's employment was terminated, its admission would have served only to inflame, mislead, or confuse the jury. Moreover, its admission would have impermissibly induced the jury to attribute the remark to defendants, even though the evidence failed to show that defendants, considered plaintiff's age in their decision to terminate her employment. In brief, this irrelevant evidence would have been highly inflammatory.

[10][11][12][13] **\*304** Accordingly, we find that the trial court did not abuse its discretion by excluding Rastigue's remark. Further, in reviewing the four factors discussed above, we find that the disputed evidence is irrelevant. Finally, were we to find minimal relevancy in the "stray remark," we further hold that this disputed evidence was substantially more prejudicial than probative.[FN9]

> FN9. Plaintiff claims that the jury's verdict was against the great weight of the evidence. We disagree. An appellate court may overturn a jury verdict " 'only when it was manifestly against the clear weight of the evidence.' " *Ellsworth v. Hotel Corp. of America,* 236 Mich.App. 185, 194, 600 N.W.2d 129 (1999), quoting *Watkins v. Manchester,* 220 Mich.App. 337, 340, 559 N.W.2d 81 (1996).
>
> The weight of the evidence showed that plaintiff's age was not a factor in the termination of plaintiff's employment. Several witnesses testified about the finan-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-11614-SFC-MJH ECF No. 18-4, PageID.290 Filed 04/09/10 Page 10 of 10

Page 11 of 11

EXHIBIT T to DEF'S MSJ

624 N.W.2d 212
244 Mich.App. 289, 624 N.W.2d 212
**(Cite as: 244 Mich.App. 289, 624 N.W.2d 212)**

Page 10

cial problems at Sedgwick James of Michigan and that personnel changes and reorganization were necessary for the company to remain in operation. Further, witnesses testified that, despite some initial changes, the company continued to lose money and that management then decided to transfer the human resources and accounting functions to the Chicago office.

Although plaintiff presented expert testimony regarding statistical disparities in the terminations of the employment of employees over forty years of age, during cross-examination defendants established that the calculations did not distinguish terminations based on poor performance and did not take into account the skill levels or positions of replacement workers. The jury determines the weight given to expert testimony. *Phillips v. Deihm,* 213 Mich.App. 389, 401-402, 541 N.W.2d 566 (1995). We agree with defendants' contention that the flaws in the statistical analysis provided the jury with ample reason to question the testimony and conclusions of plaintiff's expert. Given the evidence, the jury's verdict was not manifestly against the clear weight of the evidence.

Plaintiff also avers that the jury's verdict was contrary to law because defendants did not overcome the presumption of discrimination in that they failed to articulate a legitimate reason for retaining Jennifer Hartman to perform duties that were similar to those performed by plaintiff. However, the evidence shows that Hartman had skills that plaintiff lacked and that plaintiff would have required significant training to perform Hartman's job. This evidence constituted a legitimate reason for defendants' reten-tion of Hartman, rather than plaintiff. The jury's verdict is, therefore, not contrary to law.

Affirmed.

Mich.App.,2001.
Krohn v. Sedgwick James of Michigan, Inc.
244 Mich.App. 289, 624 N.W.2d 212

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.