**Westlaw**

Page 1

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

**H**
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

UNPUBLISHED

Court of Appeals of Michigan.
Lesia SYROWATKA, Plaintiff-Appellant,
v.
COUNTY OF WASHTENAW, Defendant-Appellee.
**Docket No. 277336.**

March 3, 2009.

West KeySummary
**Civil Rights 78 €⟶1169**

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1169 k. Public Employment. Most Cited Cases

**Civil Rights 78 €⟶1172**

78 Civil Rights
    78II Employment Practices
        78k1164 Sex Discrimination in General
            78k1172 k. Disparate Treatment. Most Cited Cases

**Judgment 228 €⟶185.3(13)**

228 Judgment
    228V On Motion or Summary Proceeding
        228k182 Motion or Other Application
            228k185.3 Evidence and Affidavits in Particular Cases
                228k185.3(13) k. Labor and Employment. Most Cited Cases
An employer was entitled to summary disposition on a former employee's gender discrimination claim. The former employee testified that an undersheriff who had some involvement in the decision to terminate her employment referred to her as an "emotional female." The former employee offered evidence that she was moved to the records supervisor position and that a male employee assumed her former position after it was changed from "business analyst" to "business manager." The former employee also asserted that she was not notified of the new position and never had the opportunity to apply for it. The former employee claimed that her employer moved her to the new position and then used the budget shortfall as an excuse to discharge. However, this belief was merely speculative and was not supported by any competent evidence. Further, the former employee's position was not the only one eliminated, and a male employee was also discharged as part of the budget-reduction plan. M.C.L.A. § 37.2202(1)(a).

Washtenaw Circuit Court; LC No. 05-000203-CK.

Before: METER, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

*1 Plaintiff appeals as of right from the trial court's order granting defendant's motion for summary disposition under MCR 2.116(C)(10). The order dismissed plaintiff's claims for employment discrimination and retaliation under the Michigan Civil Rights Act (CRA), MCL 37.2101 *et seq.*[FN1] We affirm.

    FN1. Plaintiff was working for defendant as a business analyst in October 2002 when she was transferred to the position of records supervisor. In August 2003, plaintiff was informed that her position was being eliminated and her employment terminated as part of a budget reduction plan.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

This Court reviews de novo a trial court's decision regarding a motion for summary disposition. *Spiek v. Dep't of Transportation,* 456 Mich. 331, 337, 572 N.W.2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual support for a claim. The court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). The evidence must be viewed in favor of the party opposing the motion. *Babula v. Robertson,* 212 Mich.App. 45, 48, 536 N.W.2d 834 (1995). Summary disposition should be granted if, except concerning the amount of damages, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Plaintiff first argues that the trial court erred in dismissing her claim for gender discrimination. The CRA prohibits employers from discharging or otherwise discriminating against an individual because of a person's gender. MCL 37.2202(1)(a). A plaintiff may prove her claim based on either direct evidence of discriminatory intent or by indirect or circumstantial evidence. *Sniecinski v. Blue Cross & Blue Shield of Michigan,* 469 Mich. 124, 132, 666 N.W.2d 186 (2003).

In cases involving direct evidence of discrimination, a plaintiff may prove unlawful discrimination in the same manner as a plaintiff would prove any other civil case. *Hazle v. Ford Motor Co.,* 464 Mich. 456, 462, 628 N.W.2d 515 (2001) . We have previously cited with approval the United States Court of Appeals for the Sixth Circuit's definition of " 'direct evidence' as 'evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.' " *Hazle, supra* at 462, 628 N.W.2d 515, quoting *Jacklyn v. Schering-Plough Healthcare Products Sales Corp.,* 176 F.3d 921, 926 (C.A.6, 1999); *Harrison [v. Olde Financial Corp.,* 225 Mich.App. 601, 610, 572 N.W.2d 679 (1997) ].

\* \* \*

In cases involving indirect or circumstantial evidence, a plaintiff must proceed by using the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Hazle, supra* at 462, 628 N.W.2d 515; *DeBrow [v. Century 21 Great Lakes, Inc. (After Remand),* 463 Mich. 534, 540, 620 N.W.2d 836 (2001) ]. This approach allows "a plaintiff to present a rebuttable prima facie case on the basis of proofs from which a factfinder could *infer* that the plaintiff was the victim of unlawful discrimination." *DeBrow, supra* at 538, 620 N.W.2d 836. To establish a rebuttable prima facie case of discrimination, a plaintiff must present evidence that (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) her failure to obtain the position occurred under circumstances giving rise to an inference of unlawful discrimination. *Hazle, supra* at 463, 628 N.W.2d 515; *Lytle v. Malady (On Rehearing),* 458 Mich. 153, 172-173, 579 N.W.2d 906 (1998) (opinion by WEAVER, J.); see also *McDonnell Douglas, supra* at 802. Once a plaintiff has presented a prima facie case of discrimination, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Hazle, supra* at 464, 628 N.W.2d 515; *Lytle, supra* at 173, 579 N.W.2d 906 (opinion by WEAVER, J.). If a defendant produces such evidence, the presumption is rebutted, and the burden shifts back to the plaintiff to show that the defendant's reasons were not the true reasons, but a mere pretext for discrimination. *Hazle, supra* at 465-466, 628 N.W.2d 515; *Lytle, supra* at 174, 579 N.W.2d 906 (opinion by WEAVER, J.).

\*2 Under either the direct evidence test or the *McDonnell Douglas* test, a plaintiff must establish a causal link between the discriminatory animus and the adverse employment decision. Because a prima facie case under the *McDonnell Douglas* test creates a presumption of unlawful discrimination, causation is presumed. *Texas*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:09-cv-11614-SFC-MJH   ECF No. 18-8, PageID.326   Filed 04/09/10   Page 3 of 6

EXHIBIT X to DEF'S MSJ

Page 4 of 7

Page 3

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

*Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A defendant may rebut the presumption of causation by articulating a legitimate, nondiscriminatory reason for the employment decision. Under the direct evidence test, a plaintiff must present direct proof that the discriminatory animus was causally related to the adverse employment decision.... *Harrison, supra* at 612-613, 572 N.W.2d 679. [ *Sniecinski, supra* at 132-135, 666 N.W.2d 186 (footnotes omitted).]

Plaintiff argues that she presented sufficient direct evidence of discrimination to preclude summary disposition. Plaintiff relies on various statements made by Undersheriff Herbert Mahony to support her claim. In determining the relevancy of remarks in employment discrimination cases, courts should take into account the following four factors: (1) whether the remarks were made by a decisionmaker or an agent uninvolved in making the challenged employment decision, (2) whether the disputed remarks were isolated or involved a pattern of biased comments, (3) whether the disputed remarks were made close in time or remote from the adverse employment action, and (4) whether the disputed comments were ambiguous or clearly indicative of discriminatory bias. *Krohn v. Sedgwick James of Michigan, Inc.,* 244 Mich.App. 289, 292, 624 N.W.2d 212 (2001).

We agree with plaintiff that the trial court erred in determining that Mahony's statements were not relevant because he was not involved in the decision to terminate plaintiff's employment. Although the final decision was subject to Sheriff Daniel Minzy's approval, the evidence showed that Mahony had a role in identifying the positions to be eliminated, including plaintiff's position. Nonetheless, we conclude that the nature and timing of Mahony's statements were inadequate to demonstrate a genuine issue of material fact regarding whether unlawful discrimination was a motivating factor in the decision to eliminate plaintiff's position. Although the statements can be characterized as sexist, they did not provide direct proof that the employment decision was gender-based. For example, there was no evidence that Mahony suggested that plaintiff should be fired for being emotional.[FN2] Additionally, there was insufficient evidence of a close temporal proximity to the employment decision such that the comments established a discriminatory animus that was causally related to the decision to discharge plaintiff. Therefore, plaintiff lacked sufficient direct evidence of gender discrimination to support her claim.

> FN2. Plaintiff testified that Mahony referred to her as an "emotional female."

Plaintiff alternatively argues that she presented sufficient circumstantial evidence of gender discrimination. In *Town v. Michigan Bell Tel. Co.,* 455 Mich. 688, 695, 568 N.W.2d 64 (1997), the Court stated that, to establish a prima facie case of discrimination based on circumstantial evidence, a plaintiff must show that she was "(1) a member of a protected class, (2) subject to an adverse employment action, and (3) qualified for the position, and that ... others, similarly situated and outside the protected class, were unaffected by the employer's adverse conduct." Plaintiff correctly argues that because this case involves a workforce reduction, she was not required to prove that she was replaced by a person who was not a member of the same protected class. However, she was still obligated to show that she was treated differently than a similarly situated male employee. *Id.; Smith v. Goodwill Industries of West Michigan, Inc.,* 243 Mich.App. 438, 448, 622 N.W.2d 337 (2000). Because plaintiff was laid off due to economic conditions, she must offer evidence that her gender was a determining factor in the decision to discharge her. *Matras v. Amoco Oil Co.,* 424 Mich. 675, 684, 385 N.W.2d 586 (1986).

*3 In addition to the statements by Mahony, plaintiff offered evidence that she was moved to the records supervisor position in October 2002 and that a male employee assumed her former position after it was changed from "business analyst" to

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

"business manager ." Plaintiff asserts that she was not notified of the new position and never had the opportunity to apply for it. She claims that defendant moved her to the new position in October 2002 and then used the budget shortfall as an excuse to discharge her in August 2003. However, plaintiff's belief that she was moved to the new position of records supervisor in October 2002 as a guise for the eventual elimination of that position ten months later is merely speculative and is not supported by any competent evidence. Further, plaintiff's position was not the only one eliminated. Significantly, a male employee was also discharged as part of the budget-reduction plan. We conclude that plaintiff failed to present sufficient circumstantial evidence to establish a prima facie case of gender discrimination. Therefore, the court properly granted summary disposition under MCR 2.116(C)(10).

Because plaintiff failed to establish a prima facie case of gender discrimination, it is unnecessary to address her argument that there was a genuine issue of material fact concerning whether defendant's proffered reason for her discharge was a mere pretext for discrimination.

Plaintiff also argues that the trial court erred in dismissing her claim for unlawful retaliation. The CRA not only prohibits discriminatory conduct, but also provides that a person shall not "[r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." MCL 37.2701(a). The purpose of MCL 37.2701 is " 'to protect access to the machinery available to seek redress for civil rights violations and to protect the operation of that machinery once it has been engaged.' " *Meyer v. City of Center Line,* 242 Mich.App. 560, 571-572, 619 N.W.2d 182 (2000), quoting *Booker v. Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1313 (C.A.6, 1989). Therefore, for a successful retaliation claim, the defendant must have specifically retaliated against the plaintiff for conduct on her part that is protected by the CRA. *Garg v. Macomb Co. Community Mental Health Services,* 472 Mich. 263, 272, 696 N.W.2d 646 (2005), amended 473 Mich. 1205, 699 N.W.2d 697 (2005).

A prima facie case of **retaliation** requires that a plaintiff show the following:

"(1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action." [ *Garg, supra* at 273, 696 N.W.2d 646, quoting *DeFlaviis v. Lord & Taylor, Inc.,* 223 Mich.App. 432, 436, 566 N.W.2d 661 (1997).]

*4 "To establish causation, the plaintiff must show that his participation in activity protected by the CRA was a ' **significant factor** ' in the employer's adverse employment action, not just that there was a causal link between the two." *Barrett v. Kirtland Comm. College,* 245 Mich.App. 306, 315, 628 N.W.2d 63 (2001).

As support for her **retaliation** claim, plaintiff relies on evidence that she complained to Mahony about pay disparity for women in her department. Defendant asserts that it was unaware that plaintiff's complaint involved a claim of unlawful discrimination. To support a **retaliation** claim, "[t]he employee's charge must clearly convey to an objective employer that the employee is raising the specter of a claim of unlawful discrimination pursuant to the CRA." *Id.* at 319, 628 N.W.2d 63. Where the evidence establishes that the plaintiff was merely asserting "generic, non-sex-based complaints regarding working conditions," a claim for retaliation has not been proven. *Id.* at 319-320, 628 N.W.2d 63.

Plaintiff testified that she met with Mahony in the fall of 2001 to ask him about parity for the women who worked in the records office and to inquire about why she was brought in at a lower pay step

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

than the commanders. Plaintiff testified that Mahony responded by telling her that women will always be paid less than men. Plaintiff admitted, however, that other women in the records office were making more than some of the women and that there were also men who were making more money. Plaintiff conceded that she wanted everyone to earn the same pay and that the problem with pay disparity did not exclusively involve pay differences between men and women, but also differences between what women in the same department earned. Nonetheless, plaintiff believed that there was a pay disparity that was partially gender-based. She also testified that she submitted something in writing to defendant related to the pay disparity.

The evidence reveals that there was conflicting testimony concerning the nature of plaintiff's conversation with Mahony and whether it involved a complaint about pay disparity in the department generally, or whether plaintiff was claiming that unequal pay amongst women compared to their male counterparts amounted to unlawful discrimination. However, even assuming that there was a genuine issue of material fact with respect to that issue, we agree that summary disposition was proper because there was no causal connection between plaintiff's pay disparity complaint and her eventual discharge many months later.

In *Aho v. Dep't of Corrections,* 263 Mich.App. 281, 291-292, 688 N.W.2d 104 (2004), this Court explained:

> In addition, the fact that a long time passed between plaintiff's participation in the protected activity, the 1995 lawsuit, and his termination in 2000 contradicts plaintiff's contention that the 1995 lawsuit was a significant factor in his termination. Although the timing between the protected activity and the adverse action may in some cases constitute circumstantial evidence pointing to a causal nexus, *Wrenn v. Gould,* 808 F.2d 493, 501 (C.A.6, 1987), in this case, the time between the events was remote-approximately five years-thus seriously undermining any claim by plaintiff of a causal connection. Periods much shorter than five years have been found to be insufficient to demonstrate a causal nexus. See, e.g., *Wixson v. Dowagiac Nursing Home,* 866 F.Supp. 1047, 1057 (W.D.Mich., 1994) (seven months was too remote to support an inference of retaliation); and *Reeves v. Digital Equip. Corp.,* 710 F.Supp. 675, 677 (N.D.Ohio, 1989) (three months was too remote to support an inference of retaliation). Courts have consistently held that a lengthy period between the protected activity and the adverse employment action precludes a nexus between the two events.

**\*5** In this case, plaintiff asserts that she talked to Mahony one time about pay disparity, in the fall of 2001. Plaintiff was not selected for layoff until August 2003. This evidence simply does not support an inference that the decision to eliminate plaintiff's position in 2003 was causally related to plaintiff's 2001 conversation in which she complained of pay disparity. [FN3] Accordingly, the trial court did not err in dismissing plaintiff's retaliation claim.

> FN3. The trial court stated that the time lapse between events was seven months, but the basis for that conclusion is unclear. Plaintiff argued in the trial court that the lapse between events was ten months, which would be accurate if the pay disparity complaint was made in October 2002, when plaintiff was transferred to the records position, rather than in October 2001. Even if the complaint was made in October 2002, we would still conclude that the evidence would not support an inference that it was causally related to the August 2003 decision to eliminate plaintiff's position.

Affirmed.

Mich.App.,2009.
Syrowatka v. County of Washtenaw
Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in N.W.2d, 2009 WL 529213 (Mich.App.)
**(Cite as: 2009 WL 529213 (Mich.App.))**

Page 6

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.