UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD WORTHY,

    Plaintiff,

v.

MICHIGAN BELL TELEPHONE CO.
d/b/a AT&T MICHIGAN,

    Defendant.
_____/

Case No. 09-11614

HON. SEAN F. COX
United States District Judge

OPINION & ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION [Doc. No. 32]

Plaintiff Reginald Worthy ("Worthy") filed this employment discrimination claim on November 13, 2008 against Defendant Michigan Bell Telephone Co. d/b/a AT&T Michigan ("AT&T") in the Wayne County, Michigan, Circuit Court. AT&T removed the matter on April 29, 2009. [*See* Doc. No. 1]. On July 21, 2010, the Court granted AT&T's motion for summary judgment [Doc. No. 18], dismissing Mr. Worthy's case in its entirety. [*See* July 21, 2010 Opinion & Order, Doc. No. 31]. The matter is currently before the Court on Mr. Worthy's "Motion for Reconsideration" [Doc. No. 32]. The Court declines to hear oral argument pursuant to E.D. MICH. L.R. 7.1(h)(2). For the reasons below, the Court **DENIES** Mr. Worthy's motion for reconsideration [Doc. No. 32].

STANDARD OF REVIEW

The Court's local rule regarding motions for reconsideration states as follows, in pertinent part:

Generally, and without restricting the court's discretion, the court will not grant

1

> motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case*.

E.D. MICH. L.R. 7.1(h)(3) (emphasis added).

Motions for reconsideration are "not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Fish v. Home Depot*, 2010 WL 419980, *4 (E.D. Mich. Feb. 1, 2010), citing *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D. Mich. 2003).

ANALYSIS

In his motion for reconsideration [Doc. No. 32], Mr. Worthy advances four arguments - all of which ultimately concern the Court's refusal to consider several improper affidavits as evidence in the prior motion for summary judgment: 1) that Mr. Worthy's evidence need not be in an admissible form for summary judgment; 2) that the documents at issue are admissible as self-authenticated; 3) that Mr. Worthy's documents are admissible as non-hearsay statements; and 4) that admission of these documents would be adequate to show discriminatory pretext. [*See* Doc. No. 32, pp.5-9].

As all of these arguments were considered, either expressly or by reasonable implication, in the Court's July 21, 2010 Opinion & Order [Doc. No. 31], and as Mr. Worthy has failed to evidence a "palpable defect" by which "a different disposition of the case" would result, the Court **DENIES** Mr. Worthy's motion [Doc. No. 32].

In opposition to AT&T's summary judgment motion, Mr. Worthy relied upon several exhibits which purported to establish discriminatory intent on AT&T's part. [*See* Exs. A-H, Doc.

No. 26]. As these "statements of fact" were all unsigned and not notarized - and many of them also were undated - the Court construed them as "at best, imperfect attempts at provid[ing] evidence by affidavit for the Court's consideration." [Doc. No. 31, p.8]. Relying upon *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, 2005 WL 712578, *3 (6th Cir. Mar. 30, 2005) and *Wright v. Asset Acceptance Corp.*, 2000 WL 33216031, *5 (S.D. Ohio Jan. 3, 2000), the Court held that "case law is clear that unsigned affidavits do not comply with FED. R. CIV. P. 56(e)." [Doc. No. 31, p.8 (internal quotation omitted)].

In his instant motion for reconsideration, Mr. Worthy argues that his evidence need not be in a form admissible at trial for purposes of summary judgment. [*See* Doc. No. 32, pp.5-8]. While true in general, this Court has already held that "unsigned affidavits do not comply with [Rule] 56(e)" - *regardless* of their admissibility at trial. *Id*. To the extent that Mr. Worthy's instant motion invites this Court to reconsider its prior holding on the admissibility of these documents, the Court considered, and rejected this argument in the July 21, 2010 Opinion & Order [Doc. No. 31]. Nor - for the reasons included in the Court's prior order [Doc. No. 31, pp.7-8] - are these documents properly considered self-authenticated [*See* Doc. No. 32, pp.8-9], or as non-hearsay statements offered to show motive [*See* Doc. No. 32, pp.9-10]. Mr. Worthy's arguments to the contrary are without merit.

Finally, as the Court disagrees with the first three arguments proffered here by Mr. Worthy - ultimately finding that the documents should not have been considered in opposition to AT&T's summary judgment motion - Mr. Worthy's fourth and final argument in this reconsideration motion is moot. As the Court continues to hold that these documents are inadmissible at the summary judgment phase, the Court does not reach Mr. Worthy's argument

that these documents would be sufficient to show discriminatory pretext. [*See* Doc. No. 32, pp.10-11]. Mr. Worthy's arguments to the contrary are without merit.

## CONCLUSION

For the reasons explained *supra*, Mr. Worthy's motion for reconsideration [Doc. No. 32] is **DENIED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager